18013

SUPERIOR LIFE INSURANCE COMPANY, Respondent, v.
SOUTH CAROLINA TAX COMMISSION, Appellant

(129 S. E. (2d) 128)

*James M. Windham, Esq., Assistant Attorney General,*
of Columbia, *for Appellant,*

*Messrs. Willcox, Hardee, Houck, Palmer & O'Farrell,* of Florence, and *Sinkler, Gibbs & Simons,* of Charleston, *for Respondent,*

January 7, 1963.

LEWIS, Justice.

The respondent, Superior Life Insurance Company (hereinafter referred to as Superior Life), is a domestic insurance company organized in May, 1954. It engaged in several types of insurance business, among them being the writing of credit life insurance for a number of small loan companies and industrial debit insurance. In 1957 Superior Life sold, first, its industrial debit insurance business and later, its small loan insurance business to Calhoun Life Insurance Company, retaining its other lines of insurance activities. Following the sales to Calhoun Life Insurance Company, the appellant, South Carolina Tax Commission, assessed against the proceeds of such sales license taxes under both Sections 37-130.51 and 65-931 of the 1952 Code of Laws. Both taxes were paid under protest and separate actions instututed by Superior Life against the Tax Commission for recovery thereof, plus interest from the date paid. The actions were consolidated for trial in the lower court and the issues disposed of in one order. The lower court held that the taxes collected under Section 37-130.51 were properly assessed and denied a refund of such; but held that the taxes collected under Section 65-931 were improperly assessed and ordered a refund thereof by the Tax Commission with interest from the date of payment. No appeal was taken by Superior Life

from the ruling of the lower court. This appeal is by the Tax Commission from so much of the order of the lower court as held that the tax imposed under Section 65-931 was improperly assessed.

Section 65-931 levies a license tax upon insurance companies in an amount equivalent to four and one-half (4½%) per cent of the entire net investment income as defined in Section 65-932.

Section 65-932 defines investment income as follows:

" 'Investment income,' as used in this article, shall include all money or income received on account of ownership in or use of real or personal property situated within the State and all income arising from any form of business or trade whatsoever in the State, except that investment income shall in no case include income arising from (a) premiums paid for insurance contracts, (b) mortgage loans, (c) policy loans or (d) bonds or securities of the State and its political divisions."

While it has no bearing on the present case, Sections 65-931 to 65-936 of the 1952 Code of Laws, which impose the license tax on investment income of insurance companies, were repealed by Act No. 734 of the 1960 Acts of the General Assembly.

Admittedly the license tax provided for in Section 65-931 can only be imposed upon *investment income* of the company as defined by Section 65-932. The question for determination then is whether or not the proceeds of the sale by Superior Life of its industrial debit and small loan business constituted investment income within the meaning of Section 65-932. If it was not investment income, the lower court properly ordered a refund of such taxes.

The income involved here was derived from a sale of a portion of the business activities of Superior Life, consisting of its industrial debit and small loan business. The company had sold policies of insurance under which it assumed certain

obligations and thereby had the right to receive premiums on the insurance contracts so issued. This was the normal business activity of the company, and the business for which it was formed. Therefore, when Superior Life sold its industrial debit and small loan insurance contracts, it, in effect, sold a part of its normal income producing business.

We think that the lower court correctly held that the proceeds derived from a sale of a portion of the normal business activities of Superior Life did not constitute investment income within the meaning of Section 65-932. This Section deals solely with the income derived by insurance companies from investments. The basic business of an insurance company is the writing or selling of insurance from which it receives premiums on the contracts of insurance sold. In addition, it is common knowledge that insurance companies derive income from the investment of funds in other business activities. We think that it is to the latter income that the statute refers when it levies a license tax upon *investment income*. Certainly the Legislature had some income in mind different from that received from the primary business activity of such companies. Otherwise, why classify the income to be taxed as *investment income*? The legislative intent to exclude from investment income the income derived from the normal operational activities of the company is evident from the wording of the statute; for the statute excepts from investment income that which arises from "premiums paid for insurance contracts", the primary income of an insurance company.

The statute defines investment income as income received on account of ownership in or use of real or personal property and income arising from any form of business or trade. This does not contemplate the proceeds derived from a sale of a portion of the normal business activities of an insurance company. We think that investment income means, under the statute, income derived from the investment of a company's funds in real or personal property and income derived from the investment of its funds in any business or trade, outside

of the normal business activity of an insurance company of writing or selling insurance. The income here involved does not fall within that category.

In addition to judgment for the amount of the taxes paid under protest in this case, the lower court allowed the recovery of interest on such amount from the date paid. This was proper under the provisions of Section 65-330 of the 1952 Code of Laws. The decision in the case of *Colonial Life & Accident Insurance Company v. South Carolina Tax Commission,* 233 S. C. 129, 103 S. E. (2d) 908, relied upon by the Tax Commission for the position that interest is not recoverable, did not consider the foregoing Section which allows the recovery of interest, and is, therefore, not controlling authority on this question.

Affirmed.

TAYLOR, C. J., and MOSS, BUSSEY and BRAILSFORD, JJ., concur.